IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 21, 2005 Session

# RONALD DENNIS CRAFTON v. JOHN VAN DEN BOSCH, JR.

**A Direct Appeal from the Circuit Court for Madison County**
**No. C-00-241     The Honorable Donald H. Allen, Judge**

**No. W2004-02959-COA-R3-CV - Filed November 30, 2005**

This is the second appeal of this legal malpractice action. The trial court initially denied appellee/attorney's motion for summary judgment and this Court, in *Crafton v. Van den Bosch*, No. W2002-00679-COA-R9-CV, 2003 WL 327515 (Tenn. Ct. App. June 30, 2003), affirmed the trial court and remanded the matter for further proceedings. Upon remand, the appellee/attorney filed a second Motion for Summary Judgment on the grounds that appellant's cause of action was time-barred based upon the applicable statute of limitations found at T.C.A. §28-3-104(a)(2). The trial court granted appellee/attorney's motion. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Ronald Dennis Crafton, Pro Se

Stephen L. Hughes of Milan, Tennessee, for Appellee, John Van Den Bosch, Jr.

**OPINION**

By way of background, Ronald Crafton's ("Appellant") conviction for rape was entered on November 25, 1991 and became final on or about February 16, 1992. Mr. Crafton fled for approximately four years but eventually filed a *pro se* petition for post-conviction relief on November 20, 1996. The petition was denied as was Mr. Crafton's *pro se* petition for state habeas corpus relief.[1]

---

[1] Specifically, the court denied the petition based, in part, upon the expiration of the one-year statute of limitations. Because the conviction became final on February 16, 1992, any petition for post-conviction relief must have been filed by February 16, 1993.

On July 13, 2000, Mr. Crafton filed a Complaint for Legal Malpractice against John Van den Bosch, Jr. ( "Appellee"). On August 10, 2000, Mr. Van den Bosch filed a Motion to Dismiss, claiming that Mr. Crafton's Complaint was barred by the statute of limitations codified at T.C.A. §28-3-104(a)(2). While the Motion to Dismiss was pending, Mr. Crafton filed a Motion for Summary Judgment on October 5, 2000. On November 3, 2000, Mr. Van den Bosch filed a Motion to dismiss Mr. Crafton's Motion for Summary Judgment. Following a November 9, 2000 hearing, the Motion to Dismiss was denied by Order entered on November 14, 2000. On November 13, 2000, Mr. Van den Bosch filed an Answer to the Complaint. On November 29, 2000, Mr. Van den Bosch filed a Response to Mr. Crafton's Motion for Summary Judgment.

On December 12, 2000, Mr. Van den Bosch filed a Motion to Set Aside the November 14, 2000 Order denying the Motion to Dismiss. The matter was continued and, on April 17, 2001, Mr. Van den Bosch filed a Motion for Summary Judgment. All outstanding motions were heard on January 3, 2002. An Order was entered February 1, 2002. Among other things, this Order denies the cross motions for summary judgment. Mr. Van den Bosch filed an Application for Permission to Appeal pursuant to Tenn. R. App. P. 9. This Court granted the Application to address Mr. Van den Bosch's sole issue of whether the trial court erred in denying Mr. Van den Bosch's motion for summary judgment. In *Crafton v. Van den Bosch*, No. W2002-00679-COA-R9-CV, 2003 WL 327515 (Tenn. Ct. App. June 30, 2003), this Court affirmed the trial court and remanded the matter for further proceedings.

Upon remand, on August 27, 2004, Mr. Van den Bosch filed a Motion for Summary Judgment. In his Memorandum in support of the Motion for Summary Judgment, Mr. Van den Bosch asserts, *inter alia*, that Mr. Crafton's claim for malpractice is time-barred by the applicable one year statute of limitations found at T.C.A. §28-3-104. On the same date, Mr. Van den Bosch filed a "Motion to Dismiss" Mr. Crafton's Complaint on the same ground outlined in the Motion for Summary Judgment–that the Complaint is time-barred under the applicable statute of limitations. On September 14, 2004, Mr. Crafton filed "Plaintiff Motion in Opposition to Defendant Motion to Dismiss and/or Memorandum in Support of Their Motion for Summary Judgment Under Above Style Claim."

The pending motions were heard on October 4, 2004. On November 24, 2004, the trial court filed a letter opinion. The letter, dated November 19, 2004, reads, in pertinent part, as follows:

> The Court has carefully reviewed and considered each of the defendant's motions filed on August 27, 2004, those being the Motion to Dismiss, along with all of the attached exhibits, and the Motion for Summary Judgment, along with the memorandum in support of such motion. Furthermore, the Court has considered the entire court file, including all of the pleadings and affidavits previously filed in this case, plus all of the exhibits admitted into evidence at the hearing on October 4, 2004, along with the arguments presented by each party at that time.

After much deliberation, the Court finds that the Motion to Dismiss the Complaint as being time barred is well-taken and therefore, is granted.

\*                                          \*                                          \*

Likewise, issue two of the defendant's Motion for Summary Judgment, which involves the same legal issue contained in the defendant's Motion to Dismiss, is also granted for the same reasons as stated in this letter.

On December 14, 2004, the trial court entered an "Order to Dismiss," which reads, in relevant part, as follows:

This cause came on to be heard on October 4, 2004...upon the motion for summary judgment, along with memorandum in support of such motion filed on August 27, 2004 on the ground that the complaint is time-barred by the one year Statute of Limitations as stated in TCA §28-3-104(2). After hearing statements and arguments from both the defendant's [sic], Attorney Stephen L. Hughes, and the pro se plaintiff, Ronald Crafton, the court finds that the Motion to Dismiss the Complaint as being time barred is well-taken and therefore, is granted. The [opinion letter] is...incorporated herein by reference as if copied verbatim.

Mr. Crafton appeals *pro se* and raises four issues for review as stated in his brief:

(1) Did the trial court error [sic] and exceed its jurisdiction, in its order to dismiss the appellant's complaint, on the pretense that aforesaid complaint had not been filed within the prescribed time, thereby making the Appellate[] Court's ruling null and void;

(2) Did the trial court error [sic] in its decision to re-visit the issue of the defendant's motion for summary judgment and motion to dismiss, once the Appeals Court, i.e. this "Honorable Court" had already a[d]judicated the matter;

(3) Did the trial court error [sic] by allowing the defendant to introduce "New evidence" into the record, which challenged the statute of limitations of the appellant's malpractice complaint, after this court had already ruled;

(4) Did the trial court abuse its discretion by over/ruling this []
Honorable Court's decision, deeming the complaint as "Time Barred"

We perceive that there are, in fact, two dispositive issues in this case: (1) Whether the trial court erred in considering Mr. Van den Bosch's Motion for Summary Judgment upon remand; and, if not, then (2) Whether the trial court erred in granting Mr. Van den Bosch's Motion for Summary Judgment on the basis that Mr. Crafton's cause of action was time barred under the applicable statute of limitations.

Mr. Crafton first asserts that the trial court erred in even considering Mr. Van den Bosch's Motion for Summary Judgment after the case was remanded. This Court, in *Crafton v. Van den Bosch*, No. W2002-00679-COA-R9-CV, 2003 WL 327515 (Tenn. Ct. App. June 30, 2003), affirmed the trial court's denial of Mr. Van den Bosch's Motion for Summary Judgment filed April 17, 2001 (the "Original Motion for Summary Judgment"). This Court remanded for "such further proceedings as may be necessary," and no further instructions or limitations were placed upon the trial court. Nonetheless, had Mr. Van den Bosch simply re-filed the Original Motion for Summary Judgment upon remand, this Court would likely be of the opinion that same was *res judicata* based upon our holding in *Crafton v. Van den Bosch*. We note, however, that the Original Motion for Summary Judgment did not raise the issue of whether Mr. Crafton's claim was time-barred. Furthermore, no issue involving the Motion to Dismiss filed prior to the first appeal was raised in this Court. Upon remand, Mr. Van den Bosch filed a second Motion for Summary Judgment on August 27, 2004 (the "Second Motion for Summary Judgment"). The Second Motion for Summary Judgment raises the statute of limitations question. Since the statute of limitations issue was neither raised in the original appeal of this matter, nor discussed in this Court's Opinion, we know of no rule of law prohibiting the trial court's review of this matter on remand. We now turn to the question of whether the trial court properly granted Mr. Van den Bosch's Second Motion for Summary Judgment.

There is some confusion in the record as to whether, upon remand, the trial court granted the Motion to Dismiss and/or the Motion for Summary Judgment on statute of limitations grounds. It is clear, however, from the opinion letter that the trial court considered matters outside the pleadings in reaching its decision. Consequently, our review of the trial court's Order will be according to the standard of review for motions for summary judgment. Tenn. R. Civ. P. 12.02 and 12.03. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the nonmoving party that there is no genuine
> issue of material fact, the nonmoving party must them demonstrate,

by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's denial of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Under T.C.A. § 28-3-104(a)(2) (2000), a plaintiff has a period of one year within which to file a claim for legal malpractice. The discovery rule for legal malpractice means that a cause of action accrues when (1) the client suffers an actual or legally cognizable injury, and (2) the client knows, or in the exercise of reasonable diligence should know, that the injury was caused by the attorney's negligence. *Carvell*, 900 S.W.2d at 28-30. With respect to the second requirement of this rule, it is not necessary that the plaintiff "actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action'; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Id*. at 29 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn.1994)). "A plaintiff cannot be permitted to wait until he knows all of the injurious effects or consequences of an actionable wrong." *Carvell*, 900 S.W.2d at 27 (quoting *Sec. Bank & Trust Co. v. Fabricating, Inc.*, 673 S.W.2d 860, 864-65 (Tenn.1983)).

Concerning when Mr. Crafton's cause of action accrued, the trial court made the following, relevant findings in its opinion letter, to wit:

...it's evident from Mr. Crafton's deposition testimony and other pleadings that when he hired Attorney John Van den Bosch sometime between April, 1994, and November, 1994, that Mr. Crafton knew his time to file any petition or motion for post-conviction relief was running. Mr. Crafton admitted in his letter to Attorney Van den Bosch, dated June 1, 2000, that he had discussed with him in October of 1994, that a motion needed to be filed quickly, otherwise Mr. Crafton's chances of ever being able to receive such relief could possibly be barred forever.

As early as November 14, 1994, Attorney Van den Bosch conveyed by letter to Mr. Crafton's mother, Rebecca Meredith, who

is the person who actually paid the $3,000 retainer fee, that based upon his examination of the paperwork provided to him by Mr. Crafton or his family members, that Attorney Van den Bosch "failed to find any errors that would justify any significant appeal."

Furthermore, on November 18, 1996, Mr. Crafton filed a pro-se "Post-Conviction Motion to Set Aside Jury Verdict and Dismiss Indictment" in the Circuit Court for Henry County, Tennessee, the county in which he was convicted. (The petition was stamped filed by the Court Clerk on November 20, 1996).

Shortly thereafter, on December 16, 1996, Judge Creed McGinley entered an order dismissing the pro-se petition as being time barred. (Filing date in Henry County Circuit Court was December 18, 1996).

The State of Tennessee, through its Assistant District Attorney General Todd Rose, filed a motion to dismiss the pro-se petition for post-conviction relief, claiming that the petition was barred by the statute of limitations. Mr. Crafton even filed a written response to the State's motion, which he mailed to Judge McGinley and to the District Attorney General's office on December 27, 1996.

On January 3, 1997, Mr. Crafton wrote a letter from the State penitentiary to Attorney Van den Bosch, notifying him that he had filed a pro-se post-conviction motion and that the motion was pending. In that letter, Mr. Crafton requested Attorney Van den Bosch's immediate assistance and help in "taking over" the matter and proceeding with this issue of post-conviction relief.

On January 6, 1997, Judge Creed McGinley notified Mr. Crafton by letter that his petition had been dismissed by Court Order entered on December 14, 1996, pursuant to T.C.A. §40-30-206(b), stating that it was time barred.

Furthermore, by a letter from Attorney Van den Bosch to Mr. Ricky Harris (Mr. Crafton's "jail-house lawyer") dated December 2, 1997, Attorney Van den Bosch stated his intention "not to represent" Mr. Crafton in his pro-se appeal of the dismissal of the post-conviction petition in Henry County Circuit Court. Attorney Van den Bosch thereafter returned the papers mailed to him to Mr. Crafton and his "jail house lawyer," Ricky Harris.

Additionally, Mr. Crafton wrote a letter to Lance Bracey with the Board of Professional Responsibility on May 29, 1996, complaining of other previous lawyers he had hired. At that time, he stated he had "nothing [pending] in any court at that time, and that he had been informed that he could not appeal his underlying case any further."

This Court finds that at the very latest, Mr. Crafton was aware of facts sufficient to put him or any other reasonable person on notice that as of the end of December, 1997, he had suffered an injury as a result of Attorney Van den Bosch's negligent and wrongful conduct. It's only reasonable to believe that if Attorney Van den Bosch had not filed any petition or motion for post-conviction relief between April, 1994, and the end of December, 1997, (especially when Mr. Crafton knew that the time for filing such request was running and about to expire), and that the sole reason he was hired was to file such a petition quickly, then certainly Mr. Crafton should have known in the exercise of reasonable diligence that Attorney Van den Bosch had negligently failed to take the proper actions to get his case back before the Court.

We have reviewed the entire record in this case, and we find that the material facts concerning Mr. Crafton's knowledge (either actual or constructive) regarding his cause of action are undisputed and are composed, in large part, of Mr. Crafton's own testimony and/or correspondence (either sent by Mr. Crafton or directly to him). From all of the evidence, we agree with the trial court's conclusion that "any reasonable person (under the circumstance of this case) should have known at least by the end of December, 1997, that Attorney Van den Bosch had [allegedly] failed to act appropriately, and that such failure to file the petition would, by then, forever preclude the relief Mr. Crafton was hoping to receive." In fact, under all of the circumstances, we conclude that an accrual date of late December, 1997 is generous. Even giving Mr. Crafton every benefit of the doubt concerning the accrual date, his Complaint for legal malpractice was filed on July 13, 2000, which is well beyond the one-year time limit imposed by T.C.A. §28-3-104(a)(2). Mr. Van den Bosch was, therefore, entitled to judgment as a matter of law, and the trial court did not err in granting his Second Motion for Summary Judgment.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against the Appellant, Ronald Crafton, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.